### DOUGLAS OIL CO. v. PERMIAN OIL CO. et al.

No. 3677.

Court. of Civil Appeals of Texas. El Paso.

June 9, 1938.

John M. Davenport and Gibbs & Williams, all of San Angelo, F. H. DeGroat, of Duluth, Minn., and Chas. A. Holden, of Tulsa, Okl., for appellant.

· John Sayles and Jack Sayles, both of Abilene, and J. B. Dibrell, Jr., of Coleman, for appellees.

NEALON, Justice.

Douglas Oil Company brought suit in the District Court of Pecos County against Permian Oil Company and others to set aside a judgment rendered in the District Court of Pecos County, Texas, March 4, 1911, in a cause styled John Monroe v. T. F. Hickox and numbered 854 in said court. Said judgment is set out in full as an addendum note to the opinion of the Supreme Court in Permian Oil Company v. Smith, 107 S.W.2d 564, 111 A.L.R. 1175. It involves title to royalty and other interests and proceeds thereof in Surveys 103 and 104, Block 194, T. C. Ry. Co., Pecos County, Texas. Appellees have filed a motion to dismiss the appeal and have attached to it a copy of a compromise agreement entered into between the Douglas Oil Company and the Permian Oil Company, which was filed for record in the office of the County Clerk of Pecos County, Texas, March 9, 1938, and recorded in the Record of Deeds of said County in Vol. 80 on page 310. By the terms of said agreement all litigation then pending between Permian Oil Company and its predecessors in title on the one hand and Douglas Oil Company, in its separate or individual capacity, on the other hand, was "fully and finally compromised and settled." The agreement contains the following stipulation:

"Second Party hereby dismisses its appeal pending in the Eighth Court of Civil Appeals at El Paso, Texas, being Cause No. 3677, styled Douglas Oil Company appellant vs. Permian Oil Company, et al, appellee, at its own cost and expense, and also hereby dismisses all of First Parties who are defendants from the Equity suit pending in the District Court of the United States, Western District of Texas at El Paso, being Equity Suit No. 239 Equity, styled R. B. Whiteside, plaintiff v. I. G. Yates, et al, defendants, with prejudice and without costs to either of First Parties, and that it will cause the same to be made and entered in due form in said several suits."

The Douglas Oil Company admits the execution of the agreement and the compromise of all litigation between it and the Permian Oil Company so far as it affects the Douglas Oil Company in its separate or individual capacity, and moves that the entire case be dismissed as moot; and in the alternative, if the appeal be dismissed, that such disposition be accompanied with a written opinion preserving the rights of those whom the Douglas Oil Company represents in its fiduciary capacity. We are confronted with this situation: The District Court disposed of the case by sustaining a general demurrer and dismissing the suit. Appellant now asks us to dismiss the case, which has heretofore been dismissed by the District Court, and from which judgment of dismissal the appeal was taken; appellees pray that the appeal be dismissed, or, in the alternative, that this Court enter judgment dismissing the appeal insofar as it relates to appellant Douglas Oil Company in its separate and individual capacity as distinguished from its fiduciary capacity. We think the alternative prayer of appellee Permian Oil Company should be granted. The order of this Court is that said appeal be and it is hereby dismissed insofar as it affects the Douglas Oil Company in its separate and individual capacity, but without prejudice to the rights of those represented by the Douglas Oil Company in its fiduciary capacity.